Filed 11/18/13  P. v. Villareal CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR VILLAREAL,<br><br>    Defendant and Appellant. | 2d Crim. No. B247371<br>(Super. Ct. No. 2012006135)<br>(Ventura County) |

Oscar Villareal appeals the judgment entered after he pled guilty to carrying a concealed firearm (Pen. Code,[1] § 25400, subd. (a)(2)), and being a felon in possession of a firearm (§ 29800, subd. (a)).  He also admitted suffering a prior strike conviction (§§ 667, subds. (c)(1), (e)(1), 1170.12, subd. (a)(1), (c)(1)) and serving four prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced him to three years eight months in state prison and awarded him 436 days presentence custody credit.[2]

Because appellant pled guilty prior to a preliminary hearing, the relevant facts are derived from the probation report.  An officer was on patrol in a park known

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Appellate counsel has filed a motion in the trial court to correct the judgment to reflect that appellant actually has 437 days of presentence custody credit.

for gang and drug-related behavior.  Appellant, who was riding a bicycle, sped away after seeing the officer and appeared to reach for something in his pocket.  Appellant eventually complied with the officer's command to stop.  After appellant revealed that he was on parole, the officer conducted a patdown search and found a loaded handgun in appellant's pocket.

We appointed counsel to represent appellant in this appeal.  After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

We advised appellant in writing that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal.  Appellant submitted a letter in which he contends (1) a section 1538.5 motion to suppress should have been filed; (2) he is entitled to an additional 90 days of presentence custody credit; (3) he does not have a prior strike conviction; and (4) his Sixth Amendment right to counsel "was not met."  None of these claims presents an arguable issue for appeal.  Nothing in the record would have supported the filing of a suppression motion.  The custody credit claim was properly denied by the trial court based on the fact that the 90 days for which appellant seeks credit were spent serving a five-month sentence for probation violations in two other cases.  Appellant's claim that he has no prior strike fails because he admitted otherwise pursuant to his plea.  Moreover, the probation report reveals that appellant has a 1993 conviction for robbery (§ 211), a crime that qualifies as a strike.  Finally, appellant offers no evidence or authority to support his Sixth Amendment claim.  The record discloses no basis for a claim that appellant received ineffective assistance of counsel, either at trial or on appeal, or that his Sixth Amendment rights were otherwise violated.

Having examined the entire record, we are satisfied that appointed counsel has fully complied with his responsibilities and that no arguable issues exist.

(*People v. Kelly* (2006) 40 Cal.4th 106, 123–124; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P.J.


YEGAN, J.

Nancy Ayers, Judge

Superior Court County of Ventura

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.